# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3333 | DATE | 4/10/2001 |
| CASE TITLE | U.S.A. ex rel: Mason Williams vs. James A. Chrans | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The petition for writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 11 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| ✓ | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
MASON WILLIAMS, )
)
      Petitioner, )
)
vs. ) No. 00 C 3333
)
JAMES A. CHRANS, )
)
      Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Mason Williams, a prisoner at Joliet Correctional Center, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He raises eleven grounds:

(1)   His conviction is a fundamental miscarriage of justice;
(2)   He was denied his right to represent himself at trial;
(3)   He was denied his right to a speedy trial;
(4)   He was denied his right to effective assistance of trial counsel;
(5)   He was denied his right to an impartial jury;
(6)   He was not proven guilty beyond a reasonable doubt;
(7)   The state violated due process by knowingly using perjured testimony;
(8)   The trial court violated due process by refusing to give the jury a consent instruction;
(9)   He was denied his right to effective assistance of appellate counsel;
(10)   The state violated due process by knowingly withholding exculpatory evidence; and
(11)   The trial court violated due process by refusing a motion to substitute a new judge.

Respondent James Chrans, Joliet's warden, responds that petitioner's claims are procedurally defaulted and meritless. For the following reasons, the petition is denied.

## BACKGROUND

On January 13, 1990, petitioner forced a 15 year-old girl into an abandoned building and raped her at knife-point. His victim escaped from the building and got help from three passersby. She immediately reported the assault to her mother and uncle, and then to the



police. Two months later, while on a Chicago Transit Authority bus, she recognized petitioner as her assailant. Two of her friends detained him until the police arrived. The police recovered a knife on petitioner's person, and the victim identified it at trial as the one used in the attack.

A jury convicted petitioner of aggravated sexual assault on August 27, 1991. The appellate court affirmed this conviction on direct appeal, and petitioner failed to timely file for leave to appeal to the Illinois Supreme Court. Petitioner then sought post-conviction relief under Illinois law. The trial court denied that request, the appellate court affirmed and the Illinois Supreme Court denied leave to appeal. Petitioner has also filed two subsequent petitions for post-conviction relief.

## DISCUSSION

The state argues that the procedural default doctrine bars petitioner's claims. It is well established that "[b]efore a federal court may review the merits of a claim raised by a state prisoner in a habeas petition, the petitioner must fulfill the procedural requirements set by state law for seeking judicial review in the state courts." Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.), *cert. denied*, 516 U.S. 993 (1995). Procedural default of a claim under § 2254 depends on a state's internal law: "[F]ailure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." Hogan v. McBride, 74 F.3d 144, 146 (7th Cir. 1996). Procedural default occurs when the petitioner fails to raise his claims appropriately before the state courts, whether on direct review or in a post-conviction proceeding. Farrell v. Lane, 939 F.2d 409, 411 (7th Cir.), *cert. denied*, 502 U.S. 944 (1991). Alternatively, procedural default occurs when the state court

clearly relies on a state procedural bar as the grounds for its denial of relief. Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). A petitioner may raise procedurally defaulted claims in a *habeas* proceeding only if he can demonstrate cause for the default and prejudice resulting from the default, or that failure to consider his claim will result in a "fundamental miscarriage of justice." Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995).

A habeas petitioner must have given state courts one full opportunity to examine his claims, including discretionary appeals such as the Illinois Supreme Court. *See* O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999), *reversing* 135 F.3d 1194 (7th Cir. 1998). Petitioner did not timely file for leave to appeal to the Illinois Supreme Court on direct review. He did seek discretionary review of his post-conviction proceedings, which raised issues 4, 5, 9 and 11.[1] This is sufficient to preserve those four claims. *See* White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999). Because petitioner never sought Illinois Supreme Court review of his other seven claims, however, they are defaulted under Boerckel.

Claim 5 is defaulted for a different reason. Petitioner claims that he was denied his constitutional right to an impartial jury because the trial court failed to strike several jurors who knew rape victims. Petitioner, however, did not exhaust his peremptory challenges. On direct review the state appellate court found that petitioner waived "any error arising from the trial court's decision not to excuse jurors for cause." Exh. C at 7. Waiver is an independent state ground that bars habeas review.

Petitioner has similarly waived claim 4, his ineffective assistance of trial counsel

---

[1] Although the record does not include petitioner's post-conviction application to the Illinois Supreme Court, we presume it raised the same claims presented to the intermediate appellate court. Any claims presented to the state supreme court that were not raised below would be barred from habeas review anyway. *See* Castille v. Peoples, 489 U.S. 346, 351 (1988).

argument. He raised this issue for the first time on appeal of his post-conviction petition. It was never presented to the trial court, even at the post-conviction stage. The appellate court found it waived because it should have been raised earlier.

Claim 11 asserts that he was denied due process because the trial court denied his motion, under state law, to substitute judges. We have no jurisdiction to review how state courts apply their own law. *See* Steward v. Gilmore, 80 F.3d 1205, 1214 (7th Cir. 1996). Because this claim merely asserts a failure to comport with state law, it does not raise a cognizable federal claim.

Lastly, petitioner raises ineffective assistance of appellate counsel, and argues that this excuses his procedural defaults. It does not. Petitioner may only rely here on the same deficiencies in appellate counsel's performance presented to the state courts. *See* Momient-El v. DeTella, 118 F.3d 535, 539 (7th Cir. 1997). In his post-conviction appeal petitioner cited three deficiencies: the judge substitution, juror disqualification and ineffective trial counsel issues discussed above. As discussed above, however, the record reveals that appellate counsel did raise the juror disqualification issue and that the appellate court found it was without merit.

On the remaining bases for in inadequate appellate counsel claim, that counsel was deficient for not raising the judge substitution question or ineffective trial counsel, petitioner's claim falls far short of the federal constitutional standard. Petitioner must show that counsel's performance was objectively unreasonable and that there is a reasonable probability that, but for counsel's deficiencies, there would have been a different outcome. *See* Strickland v. Washington, 466 U.S. 668 (1984). In the appellate context, petitioner must show that appellate

counsel ignored issues that were clearly stronger than those presented. *See* Franklin v. Gilmore, 188 F.3d 877, 883 (7th Cir. 1999). We hesitate to second-guess counsel's tactical decisions about which claims to raise.

In addition to finding these issues had been waived, the post-conviction appellate court alternatively found them lacking merit. Raising additional meritless issues on appeal would not have affected the outcome. First, since there is nothing in the record to suggest that the trial judge was in any way biased, it is unlikely that any substitution would have affected the outcome. It was not unreasonable for appellate counsel to omit this claim. Second, the ineffective counsel claim was unlikely to prevail. Petitioner argued that trial counsel made disparaging remarks about him and failed to strike potentially hostile jurors. The state court record, however, only refers to two or three allegedly disparaging remarks, one before the jury was even empaneled. This falls far short of creating a fundamentally unfair trial. And there is no indication that the jurors' relationships with prior rape victims prevented them from being impartial in their deliberations here. Trial counsel's decision not to exercise peremptory challenges is unlikely to have affected the outcome, and the question was raised and rejected on appeal. Trial counsel performed within the accepted bounds of professional competence. Ineffective trial counsel would not have been a substantially stronger issue for appeal.

Nor is there any fundamental miscarriage of justice here. Petitioner must show that with new evidence, no reasonable juror would have convicted him. *See* Schlup v. Delo, 513 U.S. 298, 328 (1995). The state presented ample evidence at trial on which a reasonable jury could have convicted. Petitioner has introduced no evidence which is likely to change that outcome.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 10, 2001.